**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

JOSEPH PAGLINO,   CASE NO: 0:24cv61194

    Plaintiff,

vs.

TRANS UNION, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC.

    Defendants.
_____/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

1. Plaintiff, JOSEPH PAGLINO ("Plaintiff" or "Mr. Paglino") brings this action against TRANS UNION, LLC ("Trans Union"), EXPERIAN INFORMATION SOLUTIONS, LLC ("Experian") and EQUIFAX INFORMATION SERVICES, LLC ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et. seq.* (hereinafter "FCRA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3. Venue here is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

**PARTIES**

4. Plaintiff is a natural person who, at all times relevant to this action is and was a resident of Broward County, Florida and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant, Transunion LLC ("Trans Union") is a limited liability company incorporated under the laws of the State of Delaware, whose members are citizens of the state of Illinois. Trans Union is authorized to do business in and regularly conducts business in the State of

Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

6. Defendant, Experian Information Solutions, Inc. ("Experian") is an Ohio corporation incorporated under the laws of the State of Delaware. Experian is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

7. Defendant, Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company incorporated under the laws of the State of Delaware. Equifax is authorized to do business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

8. Trans Union, Experian, and Equifax shall collectively be referred to as Credit Reporting Agencies ("the CRAs.")

## FACTUAL ALLEGATIONS

9. Under the FCRA, the term "consumer report" generally refers to:

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for:
>
> i. credit or insurance to be used primarily for personal, family, or household purposes;
>
> ii. employment purposes; or
>
> iii. any other purpose authorized under section 1681b of this title.

15 U.S.C. § 1681a(d)(1).

10. The terms "consumer report", "credit report", and "consumer credit report" are used synonymously herein.

11. If a consumer believes their credit report is inaccurate or incomplete, one can dispute such reporting with the CRA that prepared it. The CRA is then obligated to conduct a "reasonable reinvestigation to determine whether the disputed information is inaccurate," 15 U.S.C. § 1681i(a)(1)(A), considering "[a]ll relevant information submitted by the consumer." *Id.* § 1681i(a)(4).

12. "If the reinvestigation does not resolve the dispute," § 1681i(b) allows a consumer to "file a brief statement setting forth the nature of the dispute." If a consumer elects to do so, "unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(c). Negligent violations of these provisions are actionable under § 1681o; willful violations carry additional penalties and are actionable under § 1681n. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 809 (7th Cir. 2023).

13. On or about December 21, 2023 Mr. Paglino electronically disputed the reporting of an American Express account, which the CRAs verified as accurate in response.

14. On or about May 23, 2024, Mr. Paglino requested a consumer statement be added to his files regarding the same American Express account ("Initial Written Dispute".) A true and correct copy of the Initial Written Disputes to the CRAs are attached hereto as part of Composite Exhibit "A."

15. Between June 5 and June 13, 2024, the CRAs responded to Mr. Paglino's Initial Written Dispute by verifying the reporting as accurate, but simultaneously failing to add the

consumer statement that he requested. A redacted copy of the available results is attached as Composite Exhibit "B."

16. Based on updated consumer reports from the CRAs and dispute results, all Defendants continue to report the American Express account without the consumer statement required by §1681i(c).

17. The CRAs failure to add the consumer statement to his credit files has caused the American Express account to be published to third parties when evaluating Plaintiff's credit worthiness.

18. The dates when the Inaccurate Information was viewed are reflected as "Regular Inquiries" or "Hard Inquiries" on Plaintiff's consumer disclosures following the disputes described herein.

19. One or more of the enumerated "Regular Inquiries" and/or "Hard Inquiries" have resulted in damages to Plaintiff in multiple forms, including economic and non-economic harm.

20. Unless and until the Inaccurate Information is no longer a factor in Plaintiff being denied credit, being granted credit at increased rates, losing the opportunity to benefit from credit, or Plaintiff being forced to procure a co-signer to be granted any credit under any terms, these economic losses will continue.

### COUNT I - VIOLATIONS OF 15 U.S.C. §1681i(c)
### (AGAINST TRANS UNION)

21. Plaintiff incorporates by reference the allegations in Paragraphs 1 - 5 and 8 - 20.

22. At all times relevant hereto, Trans Union is and was a "consumer reporting agency" as provided for under the FCRA.

23. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

24. During the relevant time frame, Trans Union received Plaintiff's electronic dispute and Initial Written Dispute regarding the accuracy or completeness of the American Express account appearing on Plaintiff's consumer disclosure.

25. Trans Union violated 15 U.S.C. § 1681i(c) by failing to add the consumer statement requested by Plaintiff.

26. Trans Union's acts or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

27. Alternatively, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

28. As a result of Trans Union's FCRA violations, Plaintiff suffered mental and emotional distress associated with the Inaccurate Information being sent to third parties, damage to her reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

**COUNT II - VIOLATIONS OF 15 U.S.C. §1681e(b)**
**AGAINST TRANS UNION**

29. Plaintiff incorporates by reference the allegations in Paragraphs 1 – 5 and 8 – 20.

30. At all times relevant hereto, TransUnion is and was a "consumer reporting agency" as provided for under the FCRA.

31. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

32. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

33. Any users of credit reports that viewed the AMERICAN EXPRESS did not see the consumer statement previously requested to be included.

34. Even after Plaintiff's Initial Written Dispute, the AMERICAN EXPRESS account is still being reported without the required consumer statement.

35. Trans Union's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

36. In the alternative, Trans Union negligently violated FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

37. As a result of Trans Union's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, damage to reputation for credit worthiness, credit denials, loss of the ability to purchase and benefit from credit, mental and emotional distress of being denied credit or being granted credit at increased rates, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive

damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

## COUNT III – VIOLATIONS OF 15 U.S.C. §1681i
## AGAINST EXPERIAN

38. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4 and 8 - 20.

39. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

40. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

41. During the relevant time frame, Experian received Plaintiff's electronic dispute and Initial Written Dispute and regarding the accuracy of the account reported by AMERICAN EXPRESS on Plaintiff's credit report.

42. Experian violated 15 U.S.C. § 1681i(c) by failing to add the consumer statement requested by Plaintiff.

43. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

44. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

45. As a result of Experian's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Experian for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

## COUNT IV– VIOLATIONS OF 15 U.S.C. §1681e(b) AGAINST EXPERIAN

46. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4 and 8 – 20.

47. At all times relevant hereto, Experian is and was a "consumer reporting agency" as provided for under the FCRA.

48. At all times relevant hereto, Plaintiff was a "consumer" as provided for under the FCRA.

49. During the relevant time frame, Experian received Plaintiff's electronic dispute and Initial Written Dispute regarding the accuracy of the account reported by AMERICAN EXPRESS.

50. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

51. Any users of credit reports that viewed the AMERICAN EXPRESS account without the consumer statement requested.

52. Experian's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

53. In the alternative, Experian negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

54. As a result of Experian's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish,

damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Trans Union in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and such other and further relief including as the Court deems equitable and just under the circumstances.

### COUNT V – VIOLATIONS OF 15 U.S.C. §1681i
### AGAINST EQUIFAX

55. Plaintiff incorporates by reference the allegations in paragraphs 1 – 4 and 7 - 20.

56. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

57. At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

58. During the relevant time frame, Equifax received Plaintiff's electronic dispute and Initial Written Dispute regarding the accuracy of the account reported by AMERICAN EXPRESS.

59. Equifax violated 15 U.S.C. § 1681i(c ) by failing to add the consumer statement requested by Plaintiff.

60. Even after Plaintiff's written dispute(s) the AMERICAN EXPRESS account is still being reported without the consumer statement requested.

61. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

62. In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

63. As a result of Equifax's violations of the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in his credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff prays this Honorable Court to enter the following relief for Plaintiff and against Equifax for: actual damages, statutory damages, punitive damages, attorneys' fees, litigation expenses and costs, and such other relief as the Court deems just and proper.

### COUNT VI – VIOLATIONS OF 15 U.S.C. §1681e(b)
### AGAINST EQUIFAX

64. Plaintiff incorporates by reference her allegations in paragraphs 1 – 4 and 7 - 20.

65. At all times relevant hereto, Equifax is and was a "consumer reporting agency" as provided for under the FCRA.

66. At all times relevant hereto, Plaintiff is and was a "consumer" as provided for under the FCRA.

67. During the relevant time frame, Equifax received Plaintiff's electronic dispute and Initial Written Dispute regarding the accuracy of the account reported by AMERICAN EXPRESS.

68. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

69. Any users of credit reports that viewed the AMERICAN EXPRESS account without the consumer statement Plaintiff requested.

70. Equifax's acts and/or omissions were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

71.     In the alternative, Equifax negligently violated the FCRA entitling Plaintiff to recover under 15 U.S.C. §1681o.

72.     As a result of Equifax's failures to comply with the FCRA, Plaintiff suffered mental and emotional distress associated with inaccurate information in her credit file, credit denials, the loss of credit, loss of the ability to purchase and benefit from credit, mental and pain and anguish, damage to her reputation for creditworthiness, time spent dealing with credit report disputes, and expenses associated with credit report disputes.

WHEREFORE, Plaintiff, prays this Honorable Court to enter the following relief against Equifax in the form of: Actual damages in an amount to be determined by the jury; Punitive damages in an amount to be determined by the jury; Statutory damages as determined by the Court; Attorneys' fees, litigation expenses and costs; Interest as permitted by law; and Such other and further relief including as the Court deems equitable and just under the circumstances.

### JURY DEMAND

73.     Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**DEBT SHIELD LAW**
*/s/ Kevin Rajabalee, Esq.*
Fla. Bar. No. 119948
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Main: 754-800-5299
Direct: 954-667-3096
Fax: 305-503-9457
kevin@debtshieldlaw,com
dayami@debtshieldlaw.com
service@debtshieldlaw.com
*Attorney for Plaintiff*